UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| **Marshall Ray Miller**, #249557, | C/A No. 3:06-2755-TLW-JRM |
| Petitioner, | |
| v. | |
| **Stan Burtt**, Warden, Lieber Correctional Institution, | Report and Recommendation |
| Respondent. | |

Introduction

The petitioner, Marshall Ray Miller, proceeding *pro se,* brings this action for habeas relief pursuant to 28 U.S.C. § 2241, and he filed a motion to proceed *in forma pauperis* under 28 U.S.C. § 1915.[1]  Petitioner is currently serving a 25 year sentence in the South Carolina Department of Corrections (SCDC) at Lieber Correctional Institution.  The petitioner seeks a declaratory judgment related to a subsequent federal sentence imposed by the U.S. District Court, Southern District of Georgia, Augusta Division, which is to run *consecutive* to his S.C. sentence.  Based upon an alleged mistake by the U.S. Marshal/BOP, the petitioner requests this Court to declare that the federal sentence is now satisfied or that it is now running concurrently with the state sentence he is presently serving. The petition should be summarily dismissed for several reasons: the petitioner has not exhausted  BOP administrative remedies which is a prerequisite to filing a § 2241; if this habeas petition is construed as a § 2255 petition, it must be filed with the sentencing court in Georgia; if this habeas petition is construed as a motion for writ of mandamus, it

---

[1] Pursuant to the provisions of 28 U.S.C. § 636(b)(1)(B), and Local Rule 73.02(B)(2)(c), D.S.C., the undersigned is authorized to review such petitions for relief and submit findings and recommendations to the District Court.

is not appropriate under the circumstances; and, if this habeas petition is construed as a motion for declaratory judgment, such a remedy is not appropriate.

## *Pro Se* and *In Forma Pauperis* Review

Under established local procedure in this judicial district, a careful review has been made of the *pro se* petition filed in the above-captioned case. The review was conducted pursuant to the procedural provisions of 28 U.S.C. §§ 1915, 1915A, and the Anti-Terrorism and Effective Death Penalty Act of 1996, and in light of the following precedents: Denton v. Hernandez, 504 U.S. 25 (1992); Neitzke v. Williams, 490 U.S. 319, 324-25 (1989); Haines v. Kerner, 404 U.S. 519 (1972); Nasim v. Warden, Maryland House of Correction, 64 F.3d 951 (4th Cir. 1995); Todd v. Baskerville, 712 F.2d 70 (4th Cir. 1983); Boyce v. Alizaduh, 595 F.2d 948 (4th Cir. 1979). This Court is required to construe *pro se* petitions liberally. Such *pro se* petitions are held to a less stringent standard than those drafted by attorneys, *see* Gordon v. Leeke, 574 F.2d 1147, 1151 (4th Cir.1978), and a federal district court is charged with liberally construing a petition filed by a *pro se* litigant to allow the development of a potentially meritorious case. *See* Hughes v. Rowe, 449 U.S. 5, 9 (1980); Cruz v. Beto, 405 U.S. 319 (1972). When a federal court is evaluating a *pro se* petition, the petitioner's allegations are assumed to be true. *See* Fine v. City of New York, 529 F.2d 70, 74 (2d Cir. 1975). However, even under this less stringent standard, the petition submitted in the above-captioned case is subject to summary dismissal. The requirement of liberal construction does not mean that the Court can ignore a clear failure in the pleading to allege facts which set forth a claim currently cognizable in a federal district court. *See* Weller v. Department of Social Servs., 901 F.2d 387 (4th Cir. 1990).

Discussion

I.    Factual Background

Taking the facts alleged by the petitioner to be true, he is currently serving a 25 year sentence in SCDC for conspiracy to traffic in 100 grams or more of methamphetamine. He had been convicted by a jury on January 21, 2004, in his absence, because he was "in flight" from that criminal arrest on September 24, 2002. Petitioner was apprehended in Georgia on February 16, 2004, and he was charged with several G.A. state crimes including trafficking in methamphetamine. In September, 2004, a S.C. law enforcement agent came to Georgia and took petitioner to S.C., where petitioner was brought before a judge. His sealed 25 year S.C. sentence was opened and read to him. Afterwards, the S.C. agent took petitioner back to G.A. Petitioner then learned that the G.A. state charges against him would now be pursued by the U.S. government. During plea negotiations, petitioner pled guilty to Possession of a Firearm by a Convicted Felon and the remaining charges were dropped. On February 22, 2005, petitioner was sentenced by the U.S. District Court, Southern District of Georgia, Augusta Division, to 188 months to be "served *consecutively* to the state term of imprisonment he is presently serving," and he was remanded to the custody of the U.S. Marshal. Exhibit B to § 2241 Petition (emphasis added).

Petitioner alleges that the U.S. Marshal transported him to a federal holding facility in Thompson, Georgia, and then to the U.S. penitentiary in Atlanta, Georgia. Petitioner alleges that he was designated by the Attorney General to be transported to Ashland Kentucky FCI to begin commencement of his federal sentence. The U.S. Marshal transported him there, and he was processed and admitted to the prison population. After

3

2 or 3 weeks, he was brought to Receiving and Discharge and informed that the U.S. Marshal had made a mistake because he was supposed to be in the S.C. penitentiary serving his state sentence. The U.S. Marshal returned the petitioner to the Atlanta, Georgia federal penitentiary where he was held until the S.C. agents arrived and took custody of him.

Essentially, the petitioner's claims relate to this alleged mistake by the U.S. Marshal or BOP. He seeks to benefit from the mistake by now having this Court (a) declare that his federal consecutive sentence has been satisfied or (b) declare that the federal consecutive sentence is now running concurrently to the state sentence he is serving. The undersigned construes this § 2241 petition as raising four different legal theories, all of which should be dismissed.

II.     Failure to Exhaust BOP Administrative Remedies

Because the petitioner states that he is *not* attacking the validity of his conviction or sentence and he seeks a "declaration" by the Court concerning credit for his federal sentence, this § 2241 petition is considered as an attack on the execution of his consecutive federal sentence. See Manigault v. Lamanna, 2006 WL 1328780 at 4, fn.4 (D.S.C. 2006) ("This Court is not bound by Petitioner's characterization of his claims because, when considering the issue of its own jurisdiction, district courts are authorized to disregard such characterizations to avoid 'unjust manipulation or avoidance of its jurisdiction.'"). A § 2241 petition generally challenges the execution or implementation of a federal prisoner's sentence, such as "parole matters, computation of sentence by prison officials, prison disciplinary actions, and prison transfers." Id. The § 2241 is properly filed

in the District of South Carolina because this is the District where the inmate is incarcerated.[2]  See Dias v. LaManna, 2006 WL 2642604 at 4 (D.S.C. 2006).

The petitioner apparently assumes that the Federal Bureau of Prisons will execute his federal sentence in a consecutive manner as ordered by the sentencing judge; however, due to the alleged mistake of his federal sentence commencing before he was sent to SCDC, the petitioner seeks a declaration that the federal sentence has begun to run.  The problem here is that the petitioner *assumes* the BOP will not agree with his position.  The petitioner has not exhausted administrative remedies with the BOP to discover how the BOP will respond.  The petitioner alleges that he did mail a letter to the Atlanta BOP but received no response.

"Where a petition for writ of habeas corpus is brought pursuant to 28 U.S.C. § 2241, the exhaustion of administrative remedies is jurisdictional." Hicks v. Jordan, 165 Fed.Appx. 797 (11th Cir. 2006) (unpublished).  Section 2241 does not contain a statutory exhaustion requirement; the exhaustion rule is a judicially created requirement.  Id.  Thus, some courts have held that the judicial exhaustion requirement of § 2241 may be waived by courts for discretionary reasons such as where requiring exhaustion would be futile or inadequate to prevent irreparable harm.  Id; Rosa v. Fed. B.O.P., 2006 WL 2864637 (D.N.J. 2006) (unpublished).  Assuming without deciding that petitioner could argue that exhaustion should be waived in his case, this Court finds no valid reason to waive the BOP exhaustion requirement because it does not appear that petitioner faces irreparable harm or that exhaustion would be futile.  The BOP needs the opportunity to correct its own alleged error

---

[2]The Federal Bureau of Prisons should be named as the respondent.

and possibly grant relief to the petitioner, and the BOP needs to develop a factual record and apply its expertise to the situation. See Moscato v. Fed. B.O.P., 98 F.3d 757, 761 (3rd Cir. 1996) (explaining the three reasons to require exhaustion), cited with approval by Watkins v. Compton, 126 Fed.Appx. 621 (4th Cir. 2005) (unpublished).

The BOP regulations set forth a three-tiered process for an inmate to seek redress for the alleged deprivation of any right. See 28 C.F.R. § 542.10; Dias, 2006 WL 2642604 at 4. The petitioner may claim that he cannot proceed through the BOP process because he is currently incarcerated in SCDC without access to the BOP. This may be true; however, if the petitioner cannot exhaust his claim until he is physically in a BOP facility, he will have to wait until then to begin the exhaustion process. Kegley v. USA, 2003 WL 23164514 (W.D. Wis. 2003) (unpublished) (where petitioner serving a state sentence filed a § 2241 related to his consecutive federal sentence, the District Court held that the petition was denied without prejudice for failure to exhaust BOP remedies and that "[i]f petitioner cannot exhaust his remedies until he is actually in federal custody, he will have to wait until he has served his state sentence and has been transferred to federal custody to begin the exhaustion process."). Accordingly, the § 2241 petition should be dismissed without prejudice for failure to exhaust administrative remedies through the BOP.[3]

---

[3] Section 2241(c) has another jurisdictional requirement that the inmate be "in custody." The Fourth Circuit has explained that for jurisdictional purposes consecutive sentences must be viewed in the aggregate in that a prisoner serving any part of a consecutive sentence is "in custody" under any of the sentences for purposes of § 2241. U.S. v. Hillary, 106 F.3d 1170, 1172 (4th Cir. 1997). Although the petitioner did not allege that a federal detainer has been filed with S.C., this Court assumes that the petitioner meets the jurisdictional requirement of being "in custody" because he is subject to consecutive sentences and this Court must view those in the aggregate. Id. Notably, the petitioner meets the statutory "in custody" requirement of § 2241, but he has not satisfied and possibly cannot yet satisfy the BOP exhaustion requirement.

III.     This § 2241 Petition Viewed as a § 2255 Petition

Although the petitioner filed a § 2241, if this action is construed as a § 2255 petition because the petitioner is in effect seeking to modify his consecutive federal sentence, it is still subject to summary dismissal. See Manigault v. Lamanna, 2006 WL 1328780 at 4, fn.4 (D.S.C. 2006) ("This Court is not bound by Petitioner's characterization of his claims because, when considering the issue of its own jurisdiction, district courts are authorized to disregard such characterizations to avoid 'unjust manipulation or avoidance of its jurisdiction'"). The petitioner states that he is *not* attacking his conviction or sentence; however, one reasonable way to read the full petition is that he seeks to change his federal sentence from consecutive to concurrent. In that case, the petitioner is required to file a § 2255 petition in the sentencing court, the U.S. District Court, Southern District of Georgia, Augusta Division. 28 U.S.C. § 2255. Accordingly, this petition should be dismissed without prejudice to allow the petitioner to file a § 2255 claim in the appropriate court.

IV.     This § 2241 Petition Viewed as a Motion for Writ of Mandamus

Although the petitioner filed a § 2241, this action could be construed as a motion for writ of mandamus because the petitioner requests that this Court compel the BOP to record that his federal consecutive sentence is now satisfied or that it is now being served during his time spent in SCDC. A motion for writ of mandamus is also subject to summary dismissal. See Manigault v. Lamanna, 2006 WL 1328780 at 4, fn.4 (D.S.C. 2006) ("This Court is not bound by Petitioner's characterization of his claims because, when considering the issue of its own jurisdiction, district courts are authorized to disregard such characterizations to avoid 'unjust manipulation or avoidance of its jurisdiction.'"). A writ of mandamus is issued only in the rarest of circumstances. U.S. v. Sosa, 364 F.3d 507, 511

(4th Cir. 2004). In Sosa, the Fourth Circuit explained that when a litigant seeks mandamus relief he must show that, "'he had no other adequate means to attain the relief he desires' and that his right to issuance of the writ is 'clear and indisputable.'" Id. See also In re Pruett, 133 F.3d 275, 281 (4th Cir. 1997). The petitioner in this case has other adequate means to attain the relief he desires, namely by exhausting administrative remedies with the BOP or by filing a § 2255 with the sentencing court. Further, his right to issuance of the writ is *not* indisputable because it is possible that there was no mistake that warrants any change to his federal sentence. Accordingly, the motion for writ of mandamus should be denied without prejudice to the petitioner's right to seek relief through appropriate means.

V.     This § 2241 Petition Viewed as a Motion for Declaratory Judgment

Although the petitioner filed a § 2241, if this action is construed as a motion for declaratory judgment pursuant to Federal Rule of Civil Procedure 57 and 28 U.S.C. § 2201, it is still subject to summary dismissal. See Manigault v. Lamanna, 2006 WL 1328780 at 4, fn.4 (D.S.C. 2006) ("This Court is not bound by Petitioner's characterization of his claims because, when considering the issue of its own jurisdiction, district courts are authorized to disregard such characterizations to avoid 'unjust manipulation or avoidance of its jurisdiction.'"). Federal Rule of Civil Procedure 57 and 28 U.S.C. § 2201 permit a party to seek a declaration of rights and "the existence of another adequate remedy does not preclude a judgment for declaratory relief in cases where it is appropriate." However, a declaratory judgment should not be granted where a special statutory proceeding is provided. Martin v. Swenson, 335 F.Supp. 765, 767 (W.D. Mo. 1971). For prisoners to obtain equitable relief, special statutes have been provided by Congress, namely the habeas statutes. Therefore, a declaratory judgment action is not appropriate. Id.

Accordingly, the motion for declaratory judgment should be denied without prejudice to the petitioner's right to seek relief through habeas statutes.

### Recommendation

Accordingly, **it is recommended** that the District Court dismiss the petition in the above-captioned case *without prejudice* and without issuance and service of process. See Neitzke v. Williams, 490 U.S. 319, 324-25 (1989); Haines v. Kerner, 404 U.S. 519 (1972); and 28 U.S.C. § 1915A (as soon as possible after docketing, district courts should review prisoner cases to determine whether they are subject to summary dismissal).

**The petitioner's attention is directed to the important notice on the next page.**

Respectfully Submitted,

s/Joseph R. McCrorey
United States Magistrate Judge

October 20, 2006
Columbia, South Carolina

## Notice of Right to File Objections to Magistrate Judge's "Report and Recommendation"
## &
## The *Serious Consequences* of a Failure to Do So

The petitioner is hereby notified that any objections to the attached Report and Recommendation (or Order and Recommendation) must be filed within **ten (10) days** of the date of service.  28 U.S.C. § 636 and Fed. R. Civ. P. 72(b). The time calculation of this ten-day period excludes weekends and holidays and provides for an additional three days for filing by mail.  Fed. R. Civ. P. 6.  A magistrate judge makes only a recommendation, and the authority to make a final determination in this case rests with the United States District Judge.  *See* Mathews v. Weber, 423 U.S. 261, 270-271 (1976); and Estrada v. Witkowski, 816 F. Supp. 408, 410 (D.S.C. 1993).

During the period for filing objections, but not thereafter, a party must file with the Clerk of Court specific, written objections to the Report and Recommendation, if he or she wishes the United States District Judge to consider any objections.  **Any written objections must *specifically identify* the portions of the Report and Recommendation to which objections are made *and* the basis for such objections.**  *See* Keeler v. Pea, 782 F. Supp. 42, 43-44 (D.S.C. 1992); and Oliverson v. West Valley City, 875 F. Supp. 1465, 1467 (D.Utah 1995).  Failure to file specific, written objections shall constitute a waiver of a party's right to further judicial review, including appellate review, if the recommendation is accepted by the United States District Judge.  *See* United States v. Schronce, 727 F.2d 91, 94 & n. 4 (4th Cir.), *cert. denied*, Schronce v. United States, 467 U.S. 1208 (1984); and Wright v. Collins, 766 F.2d 841, 845-847 & nn. 1-3 (4th Cir. 1985).  Moreover, if a party files specific objections to a portion of a magistrate judge's Report and Recommendation, but does not file specific objections to other portions of the Report and Recommendation, that party waives appellate review of the portions of the magistrate judge's Report and Recommendation to which he or she did not object.  In other words, a party's failure to object to one issue in a magistrate judge's Report and Recommendation precludes that party from subsequently raising that issue on appeal, even if objections are filed on other issues.  Howard v. Secretary of HHS, 932 F.2d 505, 508-509 (6th Cir. 1991).  *See also* Praylow v. Martin, 761 F.2d 179, 180 n. 1 (4th Cir.)(party precluded from raising on appeal factual issue to which it did not object in the district court), *cert. denied*, 474 U.S. 1009 (1985).  In Howard, supra, the Court stated that general, non-specific objections are *not* sufficient:

> A general objection to the entirety of the [magistrate judge's] report has the same effects as would a failure to object.  The district court's attention is not focused on any specific issues for review, thereby making the initial reference to the [magistrate judge] useless.  * * *  This duplication of time and effort wastes judicial resources rather than saving them, and runs contrary to the purposes of the Magistrates Act.  * * *  We would hardly countenance an appellant's brief simply objecting to the district court's determination without explaining the source of the error.

*Accord* Lockert v. Faulkner, 843 F.2d 1015, 1017-1019 (7th Cir. 1988), where the Court held that the appellant, who proceeded *pro se* in the district court, was barred from raising issues on appeal that he did not specifically raise in his objections to the district court:

> Just as a complaint stating only 'I complain' states no claim, an objection stating only 'I object' preserves no issue for review.  * * *  A district judge should not have to guess what arguments an objecting party depends on when reviewing a [magistrate judge's] report.

*See also* Branch v. Martin, 886 F.2d 1043, 1046  (8th Cir. 1989)("no de novo review if objections are untimely or general"), which involved a *pro se* litigant; and Goney v. Clark, 749 F.2d 5, 7 n. 1 (3rd Cir. 1984)("plaintiff's objections lacked the specificity to trigger *de novo* review").  **This notice, hereby, apprises the petitioner of the consequences of a failure to file specific, written objections.**  *See* Wright v. Collins, supra; and Small v. Secretary of HHS, 892 F.2d 15, 16 (2nd Cir. 1989).  Filing by mail pursuant to Fed. R. Civ. P. 5 may be accomplished by mailing objections addressed as follows:

**Larry W. Propes, Clerk**
**United States District Court**
**901 Richland Street**
**Columbia, South Carolina 29201**